UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. CLAYTON DAVIE, JR. | CIVIL ACTION |
| VERSUS | NO: 09-3320 |
| ANITA WOOD DAVIE | SECTION: "C" (1) |

### ORDER & REASONS[1]

This matter is before the Court on the issue of whether it has subject matter jurisdiction as of the date of removal. The Court ordered counsel to submit memoranda on the issue by May 29, 2009. Rec. Doc. 7. Both parties have complied with the Order and have further provided the court with their replies to one another's arguments. Having reviewed the record, memoranda of counsel, and the law, the Court has determined that it lacks subject matter jurisdiction for the following reasons.

### I. FACTUAL BACKGROUND

In April 2009, J. Clayton Davie, M.D. and J.C. Properties, L.L.C. (the "removing parties"), filed a Notice of Removal in regards to *J. Clayton Davie, Jr. v. Anita Wood Davie*, Case No. 2000-18445 (DRS-3), a divorce proceeding pending in the Civil District Court for the Parish of Orleans, State of Louisiana, since December 2000. Rec. Doc. 1; Rec Doc. 1-2. This Notice of Removal was in response to a Joint Notice of Lis Pendens, Rule to Show Cause of Possessory Action and Motion to Enjoin, filed by J. Clayton, Jr., Anita Wood Davie, and their minor daughter, Emma Davie, by

---

[1] Francisco A. Besosa-Martínez, a third-year student at Tulane University Law School, assisted in the research and preparation of this opinion.

1

and through her parents (the "Joint Notice"). Rec. Doc. 1-2 at 8. This Joint Notice was filed to notify the Louisiana state court that title, ownership, encumbrances, and lien rights to the property located on Arabella Street in New Orleans, La.(the "Arabella property")–where Mrs. Davie and her daughter with Mr. Clayton, Jr. reside–were in dispute and subject to litigation. *Id.* The Arabella property is allegedly owned by removing parties. Rec. Doc. 1 at 2; Rec. Doc. 1-2 at 8.

Mr. Davie, Jr. and Mrs. Davie share custody and co-tutorship of their daughter, Emma Davie. Rec. Doc. 9 at 2. Emma resides with Mrs. Davie at the Arabella residence. Rec. Doc. 1 at 2. While Mr. Davie, Jr. is a resident of the State of Alabama, Mrs. Davie holds residency from the State of Louisiana. Rec. Doc 9 at 4; Rec. Doc. 1-2 at 1. Meanwhile, removing parties are residents of the State of Alabama. Rec. 10 at 3.

In their joint memorandum regarding subject matter jurisdiction, Mr. Davie, Jr., Mrs. Davie, and Emma allege that this Court does not have jurisdiction for three reasons: "(1) the removal was procedurally defective because the removing parties failed to file the removal within one year of the commencement of the action and because Mrs. Davie is a local defendant; (2) no complete diversity exists; and (3) the 'domestic relations' exception to diversity jurisdiction applies to this case because it arises out of the divorce of Mr. and Mrs. Davie and the support of Emma." Rec. Doc. 9 at 2. Removing parties, however, refute these allegations by stating that (1) "the claims asserted against [them] relate solely to a real property dispute and are wholly unrelated and not intertwined with the divorce/custody proceedings or domestic relations[,]" and thus are not subject to a one-year limit based on the 2000 filing of the original State action; (2) the citizenship of Mr. Davie, Jr. is irrelevant and does not influence the citizenship of the minor daughter, Emma; and (3) the "domestic relations"

2

exception is inapplicable in this case because it only encompasses cases involving the issuance of a divorce, alimony, or child custody decree. Rec. Doc. 10 at 4-5; Rec. Doc. 13 at 5-6.

## II. LAW & ANALYSIS

### a. APPLICABLE LAW

Subject matter jurisdiction is awarded to federal courts in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C.A. § 1332. "It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). As such, parties may neither consent to nor waive federal subject matter jurisdiction and "[f]ederal courts may examine the basis of jurisdiction *sua sponte*[.]" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

In determining jurisdiction in cases of removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) *(referring to Cavallani v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Any ambiguities or doubts as to whether removal is proper is resolved against granting federal jurisdiction because the removal statute is strictly construed in favor of remand. *See id.*; *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). In a removal case, it is the removing party that bears that burden." *In*

*Re North American Philips Corp.*, 1991 WL 40259, *2 (5th Cir. 1991).

Additionally, when a case is removed from state court by a defendant, "a plaintiff objecting to removal 'on the basis of any defect in removal procedure' may, within 30 days, file a motion asking the district court to remand the case to state court."*Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (*quoting* 28 U.S.C. § 1447(c)). Nevertheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1441, any action for which the federal courts do not have original jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Moreover, it is the well-established judicial precedent that complete diversity must exist at the time of removal. *See Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004) (*discussing Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *see also Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). This means that "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *See Caterpillar, Inc.* 519 U.S. at 68. Nevertheless, "whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

Furthermore, parties must be aligned according to their real interest in the dispute. *City of*

4

*Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941); *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 74 S.Ct. 290; *Peters v. Standard Oil Co.*, 174 F.2d 162 (5th Cir.1949); *Carlton v. Withers*, 609 F.Supp. 146, 149 (M.D.La.1985). Alignment is "a broader principle of judicial interpretation of statutes conferring jurisdiction in federal courts, where the conferral of jurisdiction is predicated upon the adversarial relationship of the parties." *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.,* 15 F.3d 1230, 1240-41 (3d Cir. 1994). Thus, the Court must look at the *"purpose of the suit"* and *"the primary and controlling matter in the dispute." City of Indianapolis*, 314 U.S. at 69.

When confronted with a case involving minor children, it is of supreme importance to determine the citizenship of the child in question by way of his or her legal representative. Under Louisiana law, in cases of separation and divorce, a child's tutor has procedural capacity to sue on behalf of the minor. La. Civ. Code art. 686(B). It is the custodial parent who is afforded the right of tutorship where custody has been granted to one parent pursuant to a consent or custody decree. *See Anderson v. Anderson*, 469 So.2d 44, 45 (La. App. 1st Cir. 1985). Furthermore, "[u]pon divorce or judicial separation from bed and board of parents, the tutorship of each minor belongs of right to the parent under whose care he or she has been placed or to those whose care he or she has been entrusted; however, if the parents are awarded joint custody of a minor child, then the cotutorship of the minor child shall belong to both parents, with equal authority, privileges, and responsibilities, unless modified by order of the court or by an agreement of the parents, approved by the court awarding joint custody." La. Civ. Code art. 250. Thus, while the tutorship of a minor usually rests on the parent with whom he or she resides, if the parents are awarded joint custody of the child the

tutorship responsibilities belong to both parents equally. *Id.*

Finally, when dealing with cases concerning domestic disputes, the Court is obliged to consider whether the domestic relations exception applies. This doctrine divests the federal forum of jurisdiction in cases involving the issuance of divorce, alimony, and child custody decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). It "exists as a matter of statutory construction of the diversity jurisdiction provisions in the years prior to 1948, when the statute limited jurisdiction to 'suits of a civil nature at common law or in equity'." *Id.* at 700. Moreover, '[a]s a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." *Id.* at 704.

**b. ANALYSIS**

While Mr. Davie, Mrs. Davie, and Emma contend that this matter should be remanded because of defects in the removal procedures, this Court is unable to remand via this avenue because they did not file a motion within thirty days asking the Court to do so as prescribed by law. *See* 28 U.S.C. § 1447(c); *see also Caterpillar, Inc.*, 519 U.S. at 68. This Court, however, finds that this case should be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana because: (1) diversity of citizenship does not exist and (2) the domestic relations exception applies.

In regards to subject matter jurisdiction, the parties are at odds with one another as to: (1) whether the citizenship of Mr. Davie should be considered when determining diversity of citizenship and (2) whether the parties need to be realigned so as to exclude Mrs. Davie from being considered

6

a Defendant, which would bar the court's jurisdiction because "none of the parties in interest properly joined and served as defendants [can be] a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

First, Louisiana law makes Mr. Davie's citizenship relevant in this matter because he is Emma's co-tutor. Rec. Doc. 9 at 2. He, along with his wife, has "equal authority, privileges, and responsibilities" in regards to Emma's support and well-being. *See* La. Civ. Code art. 250. Removing parties' contention that it is Mrs. Davie who, as Emma's domiciliary parent, serves as her exclusive representative is inaccurate. This is not supported by the language of Article 250, which initially divests such responsibility on the parent "whose care [the child] has been placed" *unless* both parents agree to joint custody of the minor. *See id.* Furthermore, while sometimes intertwined, determining the custodial parent is a separate inquiry from the domiciliary parent. *See Anderson*, 469 So.2d at 45. In *Anderson*, the Court made this clear by "adjudg[ing] and decree[ing] that the care, *custody and control* of the minor children [. . .] be [. . .] granted unto [both parents], jointly, *and* that the primary domicile of the children [would] be with their mother[.]" *Id.* Thus, the mere fact that Mrs. Davie is the *domiciliary parent*, as argued by removing parties, Rec. Doc. 10 at 4, does not mean that she is the sole custodial parent of Emma for purposes of determining whether diversity exists.

As suggested by Mr. and Mrs. Davie, and uncontested by removing parties, both parents hold co-tutorship of Emma and share authority and responsibility in questions concerning her well-being and support. Rec. Doc. 9 at 2; Rec. Doc. 10 at 4. As such, Mr. Davie's citizenship must be taken into consideration in this matter. Therefore, since Mr. Davie and removing parties share their citizenship

in the State of Alabama, this Court lacks subject matter jurisdiction based on the lack of diversity of citizenship. Moreover, because this Court has determined that Mr. Davie's citizenship must be considered in determining diversity of citizenship, Mrs. Davie's realignment in this case is irrelevant because, whether she be considered a Plaintiff or Defendant, Mr. Davie and removing parties will always by on opposite sides of the litigation.

Finally, this matter should be remanded because of the domestic relations exception, which strips federal courts of jurisdiction in cases involving issuance of divorce, alimony, and child custody decrees. *See Ankerbrandt*, 504 U.S. at 704. This Notice of Removal was filed in response to a Joint Notice of Lis Pendens, Rule to Show Cause of Possessory Action and Motion to Enjoin, which, in turn, was filed as part of a larger proceeding regarding the divorce of Mr. and Mrs. Davie and the care and custody of their daughter, Emma. Rec. Doc. 1. Removing parties argue that this Court has jurisdiction over this matter because it is a wholly separate and independent claim from the divorce and custody proceedings. Rec. Doc. 10 at 5. Removing parties also argue that this Court has the discretion to sever the matter and remand the domestic issues to State court, while maintaining jurisdiction over the property dispute. *Id.* As Mr. Davie, Mrs. Davie, and Emma point out, however, the removal of an entire case because of the addition of a "separate and independent claim" can only be done in cases where the Court is acting "*within the jurisdiction conferred by section 1331*[,]" which revolves around federal question jurisdiction. 28 U.S.C. § 1441 (c). The matter before the Court, however, falls under diversity jurisdiction, which is controlled by 28 U.S.C. § 1332. Therefore, diversity is lacking. In addition, because states are much better suited to deal with family and domestic matters, this matter should be remanded to the Civil District Court for the Parish of

Orleans, State of Louisiana.

### III. CONCLUSION

Based on the record and the law, the Court finds that removing parties have not established that this Court holds subject matter jurisdiction over this matter.

Accordingly, **IT IS ORDERED** that subject matter jurisdiction under 28 U.S.C. § 1332 is lacking and this matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana under 28 U.S.C. § 1447 (c).

New Orleans, Louisiana, this 6th day of July, 2009.

                                            **HELEN G. BERRIGAN**
                               **UNITED STATES DISTRICT JUDGE**